IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-489-WKW |
| | ) | [WO] |
| ROYZELL LIGON, JR. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's motion (Doc. # 21) pursuant to 18 U.S.C. § 3145(b) for revocation of the Magistrate Judge's order (Doc. # 18) detaining Defendant pending trial. The Government filed a response in opposition. (Doc. # 25.) Based upon consideration of the arguments of counsel, the record (including the transcript of the hearing conducted by the Magistrate Judge (Doc. # 20) and the pretrial services report (Doc. # 19-2)), Defendant's motion is due to be denied without a hearing.

## I. JURISDICTION

A defendant whom the magistrate judge has ordered detained pending trial may move the court with original jurisdiction over the offense to revoke the order of detention. § 3145(b).

## II. DISCUSSION

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156, governs the release or detention of a defendant pending trial. When a detainee moves to revoke a

magistrate judge's pretrial detention order, "the district court must conduct an independent review to determine whether the magistrate [judge] properly found that pretrial detention is necessary."[1] *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). Under 18 U.S.C. § 3142(e), the judicial officer has "substantial latitude in determining whether pretrial detention is appropriate." *Id.* at 487.

A finding that a defendant poses a flight risk *or* is a danger to another person or the community requires his or her detention pending trial. *Id.* at 488. Factors that bear on whether a defendant should be released or detained pending trial under § 3142(e) include: (1) "the nature and circumstances of the offense charged," 18 U.S.C. § 3142(g)(1); (2) "the weight of the evidence against" the defendant, *id.* § 3142(g)(2); (3) the defendant's "history and characteristics," such as his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," *id.* § 3142(g)(3) ; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," *id.* § 3142(g)(4). The government bears the burden of showing

---

[1] The reviewing court is not required to conduct a hearing. Where the "pleadings and the evidence" demonstrate that the magistrate judge's "factual findings are supported" and the "legal conclusions are correct," the district court can "explicitly adopt the magistrate's pretrial detention order." *King*, 849 F.2d at 490.

by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant poses a danger to the community. *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (explaining the government's burden of proof under the Bail Reform Act on a motion for pretrial detention); *see also King*, 849 F.2d at 488–89 (accord).

Based upon *de novo* review, the court finds that the evidence adduced on the § 3142(g) factors clearly supports the Magistrate Judge's factual findings and his legal conclusions that the Government proved that Defendant is a flight risk and a danger to the community so as to require detention under § 3142(e). The factors focusing on the "nature and circumstances of the offense charged," § 3142(g)(1), and the weight of the charge's evidence, § 3142(g)(2), favor detention. Defendant is under indictment for being a felon in possession of a 9mm semi-automatic handgun and live ammunition in violation of 18 U.S.C. § 922(g)(1). The maximum penalty of ten years for this felony reflects its seriousness. 18 U.S.C. § 924(a)(2). And the weight of the evidence appears to be strong. As reflected in the pretrial services report, Defendant has a prior felony conviction, which he has not disputed, and, at the time of his arrest, he was carrying a pistol in his waistband. (Doc. # 19-2.)

On balance, Defendant's history and characteristics also weigh in favor of detention. Defendant's criminal record includes a 2011 state felony conviction for

third-degree robbery (reduced on a plea deal from a charge of first-degree robbery) involving his attempt during a robbery to strangle a cab driver with a shoelace. Defendant's conduct underlying this crime of violence shows a significant risk of danger to the community, a risk that, contrary to Defendant's argument, is more than "generalized" and "theor[ized]." (Doc. # 21, at 4–5); *see also King*, 849 F.2d at 487 n.2 ("[T]he language [in the Bail Reform Act] referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community."). Additionally, Defendant repeatedly failed to report to his probation officer and abide by court-imposed conditions while under state-court supervision for his third-degree robbery conviction. His inability to comply with the conditions of his state probation, which resulted in his probation being revoked three times, is a solid indicator that he would act with similar disregard to any conditions of release imposed in this case.

Attempting to counter this evidence,[2] Defendant asserts that the Government presented no evidence of "any conduct (probation violation)" after his probation was revoked for the third time in August 2015. (Doc. # 21, at 6.) But Defendant's argument omits that Defendant was in state custody for two of those years, that is, until September 27, 2017, when he was released and his state sentence was

---

[2] Defendant's brief significantly understates the criminal conduct of Defendant and borders on misstatement of the facts adduced at the hearing. Counsel is reminded of the duty of candor to the court.

4

terminated. (Doc. # 19-2, at 6.) Nor does his argument mention that little more than six months after his release, Defendant was arrested on the charges that led to the indictment in this case. Notably also, Defendant has not held steady, verifiable employment since his 2017 release from state custody.

Finally, as he argued at the detention hearing, Defendant, focusing on his familial ties in Opelika, asserts that he can live with his sister and her two children in their two-bedroom residence. Since his release from state prison in September 2017, Defendant has lived with his sister intermittently. (*See* Doc. # 19-2, at 3 (According to Defendant's sister, he "comes and goes," but she consents to his living with her.).) However, based on Defendant's overall history and characteristics, in conjunction with the other § 3142(g) factors, the court finds Defendant's proposed non-custodial housing arrangement is inadequate to secure Defendant's presence at court proceedings and reasonably assure the safe of the community.

Based on the totality of the § 3142(g) factors — particularly the nature of the charged offense, the weight of the evidence, and Defendant's history and characteristics as more fully developed at the detention hearing — the court finds that the Magistrate Judge correctly concluded that the Government carried its burden of showing that "no condition or combination of conditions will reasonably assure the appearance of" Defendant and the safety of the community. § 3142(e)(1).

Accordingly, Defendant's motion for revocation of the detention order will be denied.

## III. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's motion (Doc. # 21) under 18 U.S.C. § 3145(b) for revocation of the Magistrate Judge's detention order is DENIED and that the Magistrate Judge's Order of detention (Doc. # 18) is ADOPTED and AFFIRMED. Defendant shall remain in the custody of the Attorney General for confinement without bond pending a final disposition in this case.

DONE this 19th day of June, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE